UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JONATHAN CADET,

                                         Plaintiffs,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN WALSH (Shield 04008), POLICE OFFICER RICHARD KERN (Shield 9459), POLICE OFFICERS JOHN DOE 1-3,

                                         Defendants.

**ANSWER**

07-CV-10646 (DAB)(RLE)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York, John Walsh and Richard Kern, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke supplemental jurisdiction of the Court and base venue as stated therein and admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about January 24, 2007 and the claim has not been adjusted or paid.

        4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Admit the allegations in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that John Walsh is employed by the City of New York as a police officer and that plaintiff purports to sue him in his individual capacity as stated therein.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Richard Kern is employed by the City of New York as a police officer and that plaintiff purports to sue him in his individual capacity as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was taken to the 71st Precinct.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff refused to participate in the strip search.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "41" of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Paragraph "45" of the complaint calls for a legal conclusion. Accordingly, no response is required.

46. Deny the allegations set forth in paragraph "46" of the complaint.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

47. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

48. Defendants City of New York, Walsh and Kern have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

49. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

50. Defendants Walsh and Kern have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

51. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

52. Plaintiff has failed to comply with New York General Municipal Law §50-e.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

53. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

54. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

55. At all times relevant to the incident, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

56. Plaintiff provoked any incident.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             February 15, 2008

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                            City of New York
                                          Attorney for Defendants
                                          100 Church Street
                                          New York, New York 10007
                                          (212) 676-1347

                                   By:            /s/
                                          Brooke Birnbaum (BB 8338)
                                          Assistant Corporation Counsel
                                          Special Federal Litigation Division

To:     Mr. Richard Cardinale, Esq.  (via ECF)

- 7 -

Index No. 07-CV-10646 (DAB)(RLE)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN CADET,

                                                      Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN WALSH (Shield 04008), POLICE OFFICER RICHARD KERN (Shield 9459), POLICE OFFICERS JOHN DOE 1-3,

                                                      Defendants.

---

**ANSWER**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street*
   *New York, New York  10007*

   *Of Counsel:  Brooke Birnbaum*
   *Tel:  (212) 676-1347*
   *NYCLIS No.*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................................ , 200..*

*....................................................................................... Esq.*

*Attorney for ...............................................................................*