UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JONATHAN CADET,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN WALSH (shield # 04008), POLICE OFFICER RICHARD KERN (shield # 9459), POLICE OFFICER LOWEZ WALKER (shield # 23357), POLICE OFFICER MEHMET KANBUR (shield # 04045),

                                Defendants.

**ECF CASE**

**FIRST AMENDED COMPLAINT**

07 CV 10646 (DAB)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

      1. This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging misconduct by the City of New York and several of its police officers. Plaintiff alleges that, on January 15, 2007, Officers John Walsh, Richard Kern, Lowez Walker, and Mehmet Kanbur subjected him to false arrest, excessive force, assault, battery, an improper denial of medical care, fabrication of evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution and New York common law. Plaintiff further alleges that a third unidentified officer, not involved in the arrest of plaintiff, subjected plaintiff to excessive force, assault and battery by slamming plaintiff's face into the bars of a jail cell. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2.   This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, denial of medical care, malicious prosecution, and negligent hiring, training, supervision, and retention. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights and negligence occurred in Manhattan at NYPD Headquarters located at One Police Plaza and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

**PARTIES**

5.   Plaintiff is a resident of the State of New York.

6.   The City of New York is a municipal corporation organized under the laws of the State of New York.

7.   Police Officer John Walsh is a member of the New York City Police Department ("NYPD") who was involved in the arrest of plaintiff, and the torts arising out of plaintiff's arrest, on January 15, 2007.  Walsh is liable for directly participating in the acts

described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Walsh is sued in his individual capacity.

8. Police Officer Richard Kern is a member of the NYPD who was involved in the arrest of plaintiff, and the torts arising out of plaintiff's arrest, on January 15, 2007. Kern is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Kern is sued in his individual capacity.

9. Police Officer Lowez Walker is a member of the NYPD who was involved in the arrest of plaintiff, and the torts arising out of plaintiff's arrest, on January 15, 2007. Walker is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Walker is sued in his individual capacity.

10. Police Officer Mehmet Kanbur is a member of the NYPD who was involved in the arrest of plaintiff, and the torts arising out of plaintiff's arrest, on January 15, 2007. Kanbur is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Kanbur is sued in his individual capacity.

**STATEMENT OF FACTS**

11. On January 15, 2007, plaintiff resided at 115 Ocean Avenue, apt. F10, Brooklyn, New York.

12. On January 15, 2007, between 11:00 a.m. and 12:00 p.m., plaintiff and a few of his friends were washing their coats in the laundry and recreation room of 115 Ocean Avenue.

13. At the above time and place, plaintiff and his friends were seized without cause by Officers John Walsh, Richard Kern, Lowez Walker, and Mehmet Kanbur (collectively referred to as the "officers").

14. Immediately prior to seizing plaintiff and his friends, and in the course of seizing the men, the officers pointed their guns at plaintiff.

15. Plaintiff explained to the officers that he was a resident of the building and that his friends were his guests.

16. Plaintiff offered to prove to the officers that he was a resident of the building.

17. The officers were not interested in the truth.

18. The officers decided to falsely arrest plaintiff and his friends for trespassing in a building operated by the New York City Housing Authority.

19. During the course of arresting plaintiff, Officer Walsh forcefully threw the unresisting plaintiff to the ground injuring, among other things, plaintiff's head.

20. Officers Walsh and Kern then unnecessarily struck plaintiff several times in his face and head.

21. Thereafter, Officer Walsh handcuffed plaintiff excessively tight, took plaintiff to the elevator area of the basement, threw plaintiff to the ground, and forcefully put his foot on plaintiff's face.

22. Plaintiff was subsequently taken to the 71st Precinct for arrest processing.

23. At the 71st Precinct, Officer Walsh pointed a knife at plaintiff and ordered him to strip.

24. Plaintiff objected to stripping because the procedure was illegal.

25. In retaliation for plaintiff's objection, Officer Walsh put plaintiff into a cell without shoes and socks.

26. In the evening, the police took plaintiff to Central Booking for further arrest processing and to await arraignment.

27. At Central Booking, plaintiff requested medical care.

28. In response to plaintiff's request, one of the officers who took plaintiff to Central Booking brought plaintiff back to the 71st Precinct where plaintiff was denied medical care and held for several hours.

29. In retaliation for plaintiff's request for medical care, an unidentified Hispanic officer slammed plaintiff's face into the bars of a jail cell causing plaintiff to suffer pain and injury.

30. In the morning of January 16, 2007, plaintiff was brought back to Central Booking. The escorting officers directed plaintiff not to request medical care from the city personnel in Central Booking.

31. While plaintiff was confined in Central Booking, Officers Walsh and Kern conveyed false information to prosecutors in order to have plaintiff maliciously prosecuted.

32. On January 17, 2007, plaintiff was arraigned in Criminal Court, Kings County, on a misdemeanor charge of trespass.

33. The criminal charge filed against plaintiff was either dismissed or adjourned in contemplation of dismissal.

34. On January 17, 2007, after being released from custody, plaintiff obtained medical treatment at Brooklyn Hospital Center.

35. As a result of the foregoing, plaintiff suffered pain, injuries to the face, head, wrists and body, emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, and loss of liberty.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST JOHN WALSH, RICHARD KERN, LOWEZ WALKER, AND MEHMET KANBUR

36. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-35 as if fully set forth herein.

37. The conduct of defendants John Walsh, Richard Kern, Lowez Walker, and Mehmet Kanbur, as described herein, amounted to false arrest, excessive force, an improper denial of medical care, fabrication of evidence, and malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

38. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37 as if fully set forth herein.

39. The City of New York directly caused the constitutional violations suffered by plaintiff.

40. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the individual defendants, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained

6

and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

41. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S STATE LAW CLAIMS AGAINST JOHN WALSH, RICHARD KERN, LOWEZ WALKER, AND MEHMET KANBUR**

42. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-41 as if fully set forth herein.

43. The conduct of defendants John Walsh, Richard Kern, Lowez Walker, and Mehmet Kanbur, as described herein, amounted to false arrest, assault, battery, an improper denial of medical care, and malicious prosecution in violation of New York state law.

**PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

44. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-43 as if fully set forth herein.

45. Because defendants John Walsh, Richard Kern, Lowez Walker, and Mehmet Kanbur were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, an improper denial of medical care, and malicious prosecution.

46. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a.      Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees;

      d.      Such other and further relief as this Court may deem just and proper,

including injunctive and declaratory relief.

DATED:    April 10, 2008
                Brooklyn, New York

                                  CARDINALE & MARINELLI
                                  26 Court Street, Suite 1815
                                  Brooklyn, New York 11242
                                  (718) 624-9391

                                  By:

                                  s/

                                  _____
                                  RICHARD J. CARDINALE (RC-8507)